COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






MICHAEL MATTHEW MYERS,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-09-00280-CR

Appeal from the

143rd Judicial District Court

of Ward County, Texas 

(TC# 07-08-4888-CRW) 





MEMORANDUM OPINION

            In 2007, Appellant was placed on community supervision pursuant to a plea bargain for a
burglary offense. The State filed a motion to adjudicate in April 2008, citing several violations
of the terms of Appellant’s probation. In lieu of adjudication, Appellant entered into a second
plea agreement which amended the terms of his community supervision to include up to twenty-four months of treatment and rehabilitation in the Midland Court Residential Treatment Center
followed by ninety days of intensive supervision by the Midland County Community Supervision
and Corrections Department, and participation in the “Aftercare Program” until discharged by his
community supervision officer.
            The State filed its second motion to adjudicate guilt on February 20, 2009, stating that in
addition to several other violations of his probation, Appellant had been arrested for resisting
arrest and criminal trespass on or about Feburary 10. In accordance with the recommendation of
Appellant’s community supervision officer, Appellant was again placed on community
supervision, and agreed to serve up to twelve months in the Midland County Court Residential
Treatment Center Relapse Program.
            This appeal arises from a third motion to adjudicate filed on August 28, 2009. The
motion recited numerous violations of Appellant’s probation, including a criminal offense,
possession of a prohibited weapon, i.e., switchblade/knuckles. Appellant plead “not true” to the
allegations, and the State proceeded to present evidence of the violations. Following the State’s
presentation, the trial court found Appellant had violated the terms of his community
supervision, and adjudicated Appellant guilty of the original burglary offense as alleged in the
indictment. Appellant was sentenced to eleven years’ imprisonment and ordered to pay a $2,000
fine.
            Appellant’s appointed counsel has filed a brief in which he concludes that the appeal is
frivolous and without merit. Appellate counsel states that he has studied the record and has
found no error preserved for appeal that could serve as grounds for reversible error. The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493,
reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional
evaluation of the record, and demonstrating why, in effect, there are no arguable grounds to be
advanced. See High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978). A copy of counsel’s brief
has been delivered to Appellant, and Appellant has been advised of her right to examine the
appellate record and file a pro se brief. No pro se brief has been filed. In addition, this Court has
carefully reviewed the entire record and agrees that the appeal is wholly frivolous and without
merit. Further, we find nothing in the record that may arguably support the appeal. 
            Accordingly, we affirm the trial court’s judgment. 


October 20, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)